# Washington Natural Gas Co., Limited, Plff. in Err., *v.* John Wilkinson.

In order to relieve a principal from responsibility for injuries occasioned by the negligence of a contractor, in the performance of the work contracted for, the contractor must be given full control of the work.

(Decided November 9, 1885.)

Error to the Court of Common Pleas, No. 1, of Allegheny County to review a judgment for plaintiff in an action to recover for personal injuries. Affirmed.

On January 5, 1884, the Washington Natural Gas Company contracted with Charles O'Shea for the laying of pipe from the McGugan gas well to the city of Pittsburgh. O'Shea was to excavate the trench and refill it, and the company reserved the

NOTE.—A mere stipulation as to the supervision of the work of the contractor by the employer or his agent will not constitute such control as will render the latter liable for damages. Edmundson v. Pittsburgh, M. & Y. R. Co. 111 Pa. 316, 2 Atl. 404; Allen v. Willard, 57 Pa. 374; Erie School Dist. v. Fuess, 98 Pa. 600, 42 Am. Rep. 627. Nor will a provision that the employer may complete the work if not finished in time. Thomas v. Altoona & L. Valley Electric R. Co. 191 Pa. 361, 43 Atl. 215. This decision was based on facts very nearly the same as are found in WASHINGTON NATURAL GAS Co. v. WILKINSON. In First Presby. Congregation v. Smith, 163 Pa. 561, 26 L. R. A. 504, 43 Am. St. Rep. 808, 30 Atl. 279, it is said that, if the only control retained by the owner was as to the results of the work, and not as to the manner of performing it, the employer was not liable. If he directs the details of the work, having the power to discharge workmen, liability exists. McMasters v. Pennsylvania R. Co. 3 Pittsb. 1; Allen v. Willard, 57 Pa. 374.

As to liability of principal for acts or negligence of independent contractor, see editorial note to St. Louis, I. M. & S. R. Co. v. Yonly, 9 L. R. A. 604; as to exceptions to the rule that an employer is not liable for acts of an independent contractor, see editorial note to Hawver v. Whalen, 14 L. R. A. 828, presenting in full the authorities on that subject.

right to complete the work at his expense, if it was done in an unsatisfactory manner by him. In March of the same year John Wilkinson was traveling on horseback along a road which had been crossed by the trench. The horse stumbled or stepped into the trench, and Wilkinson was thrown forward and severely injured; whereupon he brought an action against the company for damages. The company contended that, having intrusted the work to a contractor, it was not liable. Verdict and judgment passed for the plaintiff, and defendant brought error.

*Marshalls & Imbrie,* for plaintiff in error.—If a person in the exercise of his rights as a private individual or those conferred upon him by statute employs a contractor to do work, and the latter is guilty of negligence in doing it, the contractor, and not the employer, is liable. Painter v. Pittsburgh, 46 Pa. 221; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 189, 36 Am. Rep. 662; Wonder v. Baltimore & O. R. Co. 32 Md. 418, 3 Am. Rep. 143.

The principle of *respondeat superior* applies to the contractor alone, and there cannot be two superiors severally responsible in such a case. Painter v. Pittsburgh, 46 Pa. 221.

It makes no difference that the company stipulated that the contractor must conform to such further directions as might be given by the superintendent of the company. Kelly v. New York, 11 N. Y. 432; Barry v. St. Louis, 17 Mo. 121.

The authorities are numerous that, if the party who is guilty of negligence is an independent contractor, the employer cannot be held liable. Wharton, Neg. § 181.

*Robb & Fitzsimmons* for defendant in error.

PER CURIAM:

The plaintiff in error has no right of eminent domain. It did not give to the contractor full control of the work. The agreement with him expressly declares if it is not done in a manner satisfactory to the superintendent he may put men in the trench, at the expense of the contractor, to make the necessary change; and further, if the contractor fails to prosecute the work with due diligence, the company may finish the same and charge it to the contractor. The assignment of error is not sustained.

Judgment affirmed.